UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA,

                                     21 cr 301 (PKC)

          -against-                    ORDER SETTING FORTH
                                       STATEMENT OF REASONS FOR
                                       SENTENCE

ALEX MELENDEZ,

                    Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        This brief Order is intended to summarize and expand upon the reasons for the

sentence imposed on Alex Melendez on February 15, 2022.

        At sentencing, the Court confirmed that:

        1.      The materials the Court announced it had in hand were the only materials

bearing upon sentencing.

        2.      The defendant had read, reviewed and discussed the revised Presentence

Report ("PSR"), Addendum and Recommendation.

        3.      Neither side had any objections to the facts set forth in the PSR,

whereupon the Court adopted the facts set forth in the PSR as the Court's Findings of Fact.

        4.      The Court, without objection from either side, found defendant to be in

Total Offense Level 18, Criminal History Category III.

        5.      The government's letter of February 8, 2022 alerted the defendant to its

intent to seek a sentence above the advisory guidelines.

        6.      Defense counsel spoke on defendant's behalf and the defendant spoke on

his own behalf.  The government also spoke. Two individuals spoke from the family of

defendant's co-conspirator who was shot fleeing from the sham drug transaction and later died from complications from the bullet wound.[1] After they spoke, defendant's counsel was given the opportunity to respond.

The Court then announced a proposed sentence and the statement of reasons for that sentence.

In sentencing defendant, the Court considered all of the written submissions and arguments of the parties, as well as their oral statements. It considered all of the factors under section 3553(a).

Section 3553(a)(1) requires that the Court consider the "nature and circumstances of the offense. . . ." Defendant was on the sell side of a 1-kilogram cocaine transaction. He arranged a meet up with the buyers who he had previously supplied with a 10-gram sample of the cocaine. (PSR ¶ 12.) Shortly after midnight on April 18, 2020 on a street in the Bronx, one of the buyers delivered $33,000 in cash to defendant in exchange for the 1-kilogram of cocaine. Instead, defendant delivered sham cocaine to the buyers. When the buyers realized this, they shot at defendant's car and that of his co-conspirator fatally wounding the co-conspirator. (Id. ¶¶ 13-16, 21, 33.)

Within weeks of the sham transaction, on May 9, 2020, the vehicle in which defendant was a passenger was stopped by police; the vehicle met the description of the vehicle driven by defendant to the sham drug transaction. (Id. ¶ 23.) On May 13, 2020, a vehicle in which defendant was a passenger was stopped and a Ruger .380 caliber pistol was found stored in a compartment int area of the floor around the front passenger seat. (Id. ¶ 24.) Defendant was

---

[1] In reliance on United States v. Smith, 967 F.3d 198, 215-16 (2d Cir. 2020), the Court declined to rule whether the two individuals qualified as "victim" family members within the meaning of 18 U.S.C. § 3771(c)(2(A). Rather it exercised its broad discretion to consider relevant information.

arrested and after having been advised of his <u>Miranda</u> rights, he denied knowing that a firearm was in the vehicle on May 13 but stated that there had been a firearm in the vehicle stopped on May 9 that the police had failed to find. (<u>Id.</u> ¶ 27.) Defendant's DNA was found on the Ruger found during the May 13 stop. (<u>Id.</u> ¶ 26.)

As noted defendant pled guilty to conspiracy to distribute cocaine of the weight of 10 grams corresponding to the sample. He also pled guilty to a single count of being a felon in possession of a firearm. He was not charged with causing the death of anyone and the Court sentenced him only for the crimes of conviction.

Defendant was keenly aware of the dangerousness of drug dealing and drug disputes. He had been convicted in state court of Assault First Degree-Intent to Cause Serious Injury with a Weapon in connection with a drug transaction gone wrong in which defendant balked at paying the agreed-upon price in a drug transaction and when the victim refused to accept the lower price, defendant shot the victim in the left upper thigh causing internal damage and pain. (<u>Id.</u> ¶ 62.) Defendant was on parole for that offense at the time of the crimes in this case. (<u>Id.</u> ¶ 64.)

Outside of the context of illicit drug trafficking, an individual who has been the victim of scam is likely to report it to law enforcement and in some instances may bring a lawsuit or file an insurance claim. But scams and thefts in drug trafficking predictably and foreseeably result in efforts at retaliatory violence. It is simply part of the "circumstances of the offense" in Count 1 that defendant foreseeably set in motion a chain of events that would provoke violence.[2] The circumstances of the offense, most emphatically, are not limited to the delivery of a 10-gram sample of cocaine.

---

[2] The shooter has been charged, has entered a guilty plea and has yet to be sentenced.

The Court considered the entirety of defendant's oral and written arguments, including defendant's difficult upbringing(being born to a crack-addicted mother), lack of youthful guidance, his addiction and his mental health issues.  The Court also considered the difficult conditions in which the defendant has been incarcerated from arrest through sentencing with pandemic-related lockdowns and isolation.  The Court considered the entirety of defendant's arguments, both written and oral, including the report of a mitigation specialist.

The Court considered the Sentencing Guidelines, Policy Statements, and Official Commentary of the United States Sentencing Commission.  It recognized that the Guidelines are an important consideration in sentencing, but they are advisory and that the Court has variance discretion.  The Guidelines may at times help to protect against unwarranted sentencing disparities.  While the Court has often varied downward from the Guidelines, upward variances are rare.  Here, the Guidelines simply do not account for the full circumstances of the offense in Count 1.

While all section 3553(a) factors were considered, among those of special prominence are the need to reflect the seriousness of the offense, impose just punishment, protect the public from further crimes of this defendant, the need to deter others from similar conduct, the need to avoid unwarranted sentence disparities and the need to provide the defendant with needed medical care for his mental health and drug issues.

The sentence, in this Court's view, was sufficient but not greater than necessary to achieve the purposes of section 3553(a).

At the sentence proceeding and after concluding its statement of reasons, the Court announced a proposed sentence of 65 months imprisonment on Count 1 and Count 2 to run concurrently, 5 years supervised release on Count 1 and 3 years supervised release on Count

4

2 to run concurrently, waiver of the fine based on limited assets and earning ability, imposition of forfeiture and a $200 special assessment.

The Court next enquired of the parties whether either had an objection to the Court's proposed sentence or the reasons for the sentence. Defense counsel stated in words or substance that she rested on the arguments previously presented to the Court and voiced no other objection.[3] The government had no objection. The Court then pronounced sentence.

After the Court pronounced defendant's sentence, defendant's counsel objected to the sentence because she had not been given notice that the Court intended to give a sentence above the advisory guidelines. Defendant's position is meritless for several reasons. First, and wholly dispositive, is that the defendant was on notice as of February 8, 2022 that the government was asking the Court to "impose a sentence above the applicable Guidelines range . . . ." (Government Letter of February 8, 2022 at 6.) Defendant's argument that the Court must effectively pause the sentencing proceeding and announce separately that it is seriously considering the government's position is meritless. As the Court stated, its practice is to seriously consider the sentence recommendations of both the defendant and the government and does not make up its mind until all parties have been heard. Second, and also as an independent ground, the Court announced a *proposed* sentence and a statement of reasons for the sentence. At that juncture and *before* pronouncing sentence, it inquired whether the defendant had any objection to the proposed sentence or the statement of the reasons for the sentence. As noted, defense counsel rested on her previously made arguments. Third, when asked what argument defendant would advance against above guidelines sentence that had not already been advanced, counsel stated in essence that she would need more time to assemble the argument.

---

[3] The transcript of the sentencing proceeding has not been prepared as of the date of this Order.

The transcript of the sentencing proceeding has not been prepared as of the date of this Order and will in more fulsome detail recount the statements of the parties.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        February 16, 2022